**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
**CIVIL ACTION NO. 3:08CV-P673-M**

**JA-RON TEAGUE**                                                                                           **PLAINTIFF**

**v.**

**COMMONWEALTH OF KENTUCKY** *et al.*                                   **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

On or about December 30, 2008, Plaintiff filed this action. He styled it as a "notice of removal pursuant to 28 U.S.C. 1443 and 42 U.S.C. 1997." He lists himself as a criminal defendant and as plaintiffs: the Commonwealth of Kentucky, the City of Louisville, Louisville Metro Department of Corrections, Mr. Mark Bolton, Ms. Laura McKune, Mrs. Jamie Allen, and Mrs. Brenda Calvin. He complains that while incarcerated at the Louisville Metro Department of Corrections, these "Plaintiffs" have violated his "constitutional, civil, and human rights." Other than listing a felony case number, Plaintiff says nothing about his criminal prosecution. Rather, his claims appear to center around his conditions of confinement. As such, the Clerk of Court appropriately docketed this case as a civil action. Plaintiff has now filed a motion to correct, stating that this action should have been docketed as a criminal removal for which there is no filing fee.

Plaintiffs' designation of this action as a criminal removal is not dispositive of the issue. If this were truly a criminal removal, there would be only one plaintiff, the Commonwealth of Kentucky. Additionally, a state defendant may remove his criminal prosecution only as provided in 28 U.S.C. § 1443. This section permits removal of a criminal action by a defendant:

> (1) Against any person who is denied or cannot enforce in the courts of [a State] a right under any law providing for the equal civil rights of citizens of the United

>States . . .; or
>
>(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.

With respect to subsection (1), a removal petition must satisfy a two-pronged test. *See Johnson v. Mississippi*, 421 U.S. 213 (1975). "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Johnson*, 421 U.S. at 219 (quoting *State of Georgia v. Rachel*, 384 U.S. 780, 792 (1966)).

>Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice. That a removal petitioner will be denied due process of law because the criminal law under which he is being prosecuted is allegedly vague or that the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of § 1443(1).

*Id.* (citing *City of Greenwood v. Peacock,* 384 U.S. 808, 825 (1966)). Second, a petitioner must show that he cannot enforce the specified federal right in state court. *Johnson*, 421 U.S. at 219. "This provision normally requires that the 'denial be manifest in a formal expression of state law,' such as a state legislative or constitutional provision, 'rather than a denial first made manifest in the trial of the case.'" *Id.* (quoting *Rachel*, 384 U.S. at 799, 803) (internal quotation marks omitted).

Plaintiff's petition of removal neither alleges racial inequality nor that there is a formal expression of state law preventing him from enforcing his rights in state court. Rather, it is abundantly clear to this Court that Plaintiff is trying to mask an ordinary civil rights, conditions-of-confinement case as a criminal removal to avoid the three-strike rule under 28 U.S.C.

§ 1915(g). The Court will not condone such behavior. As such, Plaintiff's motion to correct (DN 4) is **DENIED**.

Plaintiff has set forth no basis upon which to "remove" this action under 28 U.S.C. § 1443 and has disavowed his intent to pursue this case as a conditions-of-confinement case. Accordingly, by separate Order, the Court will dismiss this action for lack of subject matter jurisdiction.

Date:

cc: Plaintiff, *pro se*
     Counsel of record

4414.008